**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1363-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NATASHA GILBERT,

    Defendant-Appellant.

_____

> Submitted September 11, 2025 – Decided September 18, 2025
>
> Before Judges Marczyk and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 17-23.
>
> Hark & Hark, attorneys for appellant (Michael J. Collis, on the brief).
>
> LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo on the record, defendant Natasha Gilbert appeals from the December 12, 2023 Law Division order finding her guilty of harassment, N.J.S.A. 2C:33-4(c), and sentencing her to a one-year probationary term. We affirm.

I.

Defendant was charged with harassment by engaging in a course of alarming conduct with the purpose to alarm or seriously annoy the victim, a neighbor in her apartment building. Defendant appealed from her municipal court conviction to the Law Division, where she received notice of her obligations related to the appeal but failed to file a brief or appear the day of trial. The State moved to dismiss the appeal based on the deficiency and defendant's non-appearance, but the Law Division judge denied the motion and adjudicated the appeal.

In his de novo consideration of the record, the Law Division judge detailed the trial testimony of the victim and defendant. The municipal court judge found the victim credible, based on her short, concise answers and consistent, "careful and specific" testimony; and found defendant's testimony untruthful, noting her answers were "unclear, rambling, and repetitive." Defendant was also

A-1363-23

confrontational and intimidating towards the victim, consistent with the alleged conduct, and disruptive to the court proceedings.

The Law Division judge noted the conflict between defendant and the victim arose over two years prior to the harassment charge. Defendant's harassing conduct included posting an "intimidating and inappropriate" sign on an interior apartment door, pacing with a baseball bat muttering vulgar language, and taking photographs of the victim despite a no-contact order from a prior harassment complaint.

The Law Division judge found the record established defendant "continuously displayed inappropriate conduct to the victim, including many aspects of harassment directed towards [her], vulgar language, [and] name calling," culminating in a physical confrontation in which defendant blocked the victim's entry into the building. The judge determined defendant's purposeful conduct was objectively threatening, annoying and alarming. Having found defendant harassed the victim, the judge imposed the same sentence as the municipal court.

## II.

On appeal from a municipal court to the Law Division, the review of a conviction is de novo on the record. R. 3:23-8(a)(2). The Law Division judge

A-1363-23

must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

We do not, however, independently assess the evidence. See State v. Locurto, 157 N.J. 463, 471 (1999). "Our standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal quotation marks and citation omitted). "[A]ppellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

"[T]he rule of deference is more compelling where," as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid.

Relevant here, a person is guilty of harassment if, with purpose to harass another, he or she "[e]ngages in any other course of alarming conduct or of

repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J.S.A. 2C:33-4(c). To survive a constitutional challenge of vagueness or free speech, a "finding [of harassment] must be supported by some evidence that the actor's conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient." State v. Burkert, 444 N.J. Super. 591, 600 (App. Div. 2016) (quoting N.T.B. v. D.D.B., 442 N.J. Super. 205, 222 (App. Div. 2015)). "[T]he victim's subjective reaction alone will not suffice; there must be evidence of the improper purpose." N.T.B., 442 N.J. Super. at 222 (quoting J.D. v. M.D.F., 207 N.J. 458, 487 (2011)).

Defendant presents two arguments for our consideration: 1) the Law Division judge's decision is not entitled to our deference because it was not decided on the merits; and 2) defendant did not commit harassment because the conduct was mutual, defendant's actions were not "harsh enough" to sustain a criminal conviction, and the State did not produce any corroborating witnesses. None of these arguments were raised before the Law Division judge.

We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Neither circumstance

is present in this matter. Nevertheless, contrary to defendant's contentions, the record plainly reflects that the Law Division judge decided the case on the merits and, having reviewed the record in light of our deferential standard of review, we discern no basis on which to disturb the decision finding defendant guilty of harassment.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1363-23